

# DOUG WELBORN
## CLERK OF COURT

**19TH JUDICIAL DISTRICT**
**PARISH OF EAST BATON ROUGE**

Civil Suit Records
P.O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3972
Fax: (225)389-4612
www.ebrclerkofcourt.org

# CIVIL SUIT RECORDS
# FAX

**To:** Allison (for Jenni)
**From:** Cayden (19th JDC)
**Re:**

**Fax:** (337)233-9450
**Date:** 12/3/2021
**Pages:** 12 (including cover)

☐ Please Reply        ☒ No Reply Necessary

**Cover Message:** Thank you, Happy Holidays!!

```
CLERK OF COURT
19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
HONORABLE DOUG WELBORN
MORTGAGE AND CONVEYANCE
SALES RECEIPT
Transaction #: 6412160
Account #:
Name: walk-in
Date: 12/3/2021 11:12:38 AM
Cashier: APAYTON   Register #: POS-014

Item   Description                     Amount
------------------------------------------------
MISC CHARGE
Remark: c 713001
9 copies
1 fax
   314 COPIES                           $9.00
MISC CHARGE
Remark: c 713001
9 copies
1 fax
   188 FAX FEE                          $2.00
MISC CHARGE
   000 SURCHARGE                        $0.38
------------------------------------------------

GRAND TOTAL:    $11.38
AMT RECEIVED:   $11.38
CHANGE DUE:     $0.00

PAYMENT / TRANSACTION LIST

Credit Card |  | $11.38
```

EAST BATON ROUGE PARISH C-713001
Filed Nov 05, 2021 1:05 PM 22
Deputy Clerk of Court

19TH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUSIANA

NUMBER _____ DIVISION "____"

MATTHEW DERBES

VERSUS

STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY
GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PETITION

The Petition of Matthew Derbes, a resident of the full age of majority of Jefferson Parish, Louisiana, Louisiana, respectfully represents:

1.

Made defendant herein is State of Louisiana, through Louisiana Attorney General Jeff Landry, Department of Justice (hereinafter "DOJ"), a State entity and elected official domiciled in East Baton Rouge Parish, Louisiana, which is justly and truly indebted unto Petitioner for all sums as are reasonable under the premises, attorney fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief afforded at law or in equity.

2.

In October, 2006, Petitioner was hired as an Assistant Attorney General under then Attorney General Charles Foti. By 2018, Petitioner had risen to the position of Deputy Director of the Criminal Division. Throughout his employment, Petitioner enjoyed an excellent reputation and performance evaluations.

3.

At all times pertinent hereto, defendant was Petitioner's "employer" within the meaning and intent of Federal and Louisiana law and employed greater than five hundred (500) employees, including Petitioner.

4.

At all times pertinent hereto, Jeff Landry, Attorney General, and Pat Magee, Director of Litigation, were employees of defendant and supervisors of Petitioner with immediate and successively higher authority over Petitioner.

1

5.

In August, 2020, Petitioner became aware of far more lenient treatment by DOJ of a criminal defendant who was under investigation with an active but unexecuted arrest warrant for child pornography. Specifically, the criminal defendant was not arrested even though an arrest warrant had issued and was treated more favorably than other, similarly situated criminal defendants prosecuted by DOJ. When Petitioner complained about the disparate treatment of the criminal defendant to his superiors, he was advised the criminal defendant's family had a personal connection to Mr. Landry and had a relationship with Mr. Landry such that Mr. Landry did not want the criminal defendant prosecuted to the fullest extent of the law. Petitioner opposed this unlawful practice and recommended the office recuse itself given the conflict of interest. During the same time frame, Petitioner became aware that funds dedicated by law for the use in the prosecution of insurance fraud had, instead, been illegally diverted to pay other expenses within DOJ unrelated to insurance fraud. Petitioner opposed this unlawful practice. Petitioner began witnessing sexual harassment and gender inappropriate comments and behavior by Magee directed at the female employees at DOJ. Petitioner witnessed Magee comment about having sex and/or engaging in sexual relations with female employees at DOJ, commenting about his sexual preferences in the presence of female employees, and touching female employees. Petitioner opposed this unlawful practice.

6.

In the fall, 2020, several female employees of DOJ started complaining about and reporting sexual harassment by Magee to Petitioner. Petitioner advised Magee that his behavior was making the women feel uncomfortable and/or that he needed to ease up or back off regarding his treatment of women, to no avail. Petitioner reported the sexual harassment to his superiors and to Human Resources on October 19, 2020, to no avail. In November, 2020, Petitioner again reported the sexual harassment to defendant, which he then memorialized, again, in writing on November 20, 2020.

7.

As a result of his opposition and reporting of the deliberately disparate treatment of the criminal defendant, the diversion of funds from insurance fraud support prosecution, and unlawful sexual harassment in the workplace, Petitioner was denied promotion to Director in March, 2021.

2

8.

In December, 2020, members of the media began making public records requests for documentation regarding the sexual harassment complaints against Magee. The defendant advised Petitioner and others that it would deliberately mischaracterize the complaints against Magee such that the media's public records request would then be denied. In other words, defendant re-characterized the complaints against Magee as not "sexual harassment" or "discrimination" and, instead, simply characterized them as management issues and, as a result, defendant then refused to provide the media with the public records it held regarding the Magee complaints responding there were not "sexual harassment" or "discrimination" complaints against Magee. Petitioner protested this behavior as being in violation of Louisiana's Public Records Act, La. R.S. 44:1, *et seq*. Defendant also reluctantly hired an outside law firm to "investigate" Petitioner's complaints of November, 20, 2020, but, upon information and belief, deliberately restricted and limited the outside law firm's investigation in order to favorably skew any conclusion in favor of Magee. The outside law firm did not question the identified witnesses and only one of the numerous the female victims.

9.

In early, 2021, defendant sued a member of the media in an effort to protect Magee and shield various public records in violation of Louisiana's Public Records Act, La. R.S. 44:1, *et seq.*, including Petitioner's written complaint of sexual harassment, from view. On March 4, 2021, defendant's efforts to hide the public records from view failed and, as a result, the documents, including Petitioner's complaints of sexual harassment on behalf of the female employees, were released to the media as per the order of the Court. Defendant, and specifically through Landry and Magee, falsely blamed Petitioner for creating his complaint in the first instance and falsely accused Petitioner of engineering the creation of public documents and their release to the media.

10.

On April 7, 2021, defendant, through defendant's Human Resources Director Schober, caused to be publicly released a false document accusing Petitioner of lying, shirking his responsibilities, filing false public records, and filing false complaints of sexual harassment. Petitioner submits defendant did so in order to punish Petitioner for filing the complaints in the first instance and in retaliation/reprisal for Petitioner's protected activities, to discredit Petitioner and the complaints of unlawful conduct and sexual harassment which Petitioner had documented

3

and reported to defendant. Petitioner also shows that Schober, herself, had received complaints of sexual harassment as the Human Resources Director for defendant, but failed and/or refused to take any action to remedy the situation

11.

Instead of redacting Petitioner's identity from the April 7, 2021, document, defendant deliberately released Petitioner's identity to the media by including the plaintiff's official job title in a document – Petitioner is the only person who held that job title. Petitioner contends the creation and release of the April 7, 2021, document was in retaliation/reprisal for Petitioner's protected activities in violation of La. R.S. 23:967 and Title VII.

12.

On April 9, 2021, Petitioner, through counsel, sent demand pursuant to La. R.S. 23:303 and notice of his filing of Charges of Discrimination with the EEOC and LCHR.

13.

Thereafter, defendant retaliated/took reprisal against Petitioner by demoting him, removing his job duties and supervisory responsibilities and giving them to a newly hired second deputy director, threatening Petitioner, and demoting him. Petitioner contends these actions and the public release of the false allegations against him were in retaliation/reprisal for his opposition to the unlawful sexual harassment/discrimination, his opposition to the unlawful refusal to release public records, his opposition to unlawful disparate treatment of a criminal defendant, and his opposition to unlawful diversion of dedicated funds. Hence, on April 19, 2021, Petitioner, having been subjected to unabated retaliatory harassment, denial of promotion, and demotion, had no other alternative because of the continuing retaliation/reprisal, but to submit his written resignation again documenting the unlawful conduct occurring at DOJ, sexual harassment, and the retaliatory harassment to which defendant was subjecting Petitioner. Petitioner was constructively discharged.

14.

Upon receipt of Petitioner's constructive discharge notification, in which Petitioner submitted a two (2) week notice, defendant immediately called a "press conference", denied Petitioner medical leave, and terminated Petitioner's employment and benefits effective April 19, 2021, which Petitioner contends also constituted unlawful retaliation/reprisal.

4

15.

On April 20, 2021, defendant, through Landry, held a "press conference" to which he invited a substantial number of media outlets. During the press conference, defendant falsely accused Petitioner of lying, shirking his duties, and breaking the law. Petitioner contends the statements by defendant, including that Petitioner was a liar, had shirked his duties, and had violated the law years earlier with an internet posting, not only painted Petitioner in a false public light, but were also defamatory and defamatory per se, for which Petitioner sues for herein. Petitioner also contends the press conference and its contents were deliberately designed to harm Petitioner and constituted continuing retaliation/reprisal, for which he sues for herein.

16.

Since Petitioner's departure from defendant's employment, Petitioner shows that defendant attempted to interfere with Petitioner's replacement employment and secure Petitioner's termination therefrom. Petitioner contends those efforts by defendant constituted retaliation/reprisal, for which he sues for herein.

17.

Petitioner contends defendant failed to have, in full force and effect, effective policies regarding sexual harassment, retaliation, and reprisal. Petitioner shows, instead, upon his reporting of unlawful conduct and what was reasonably believed to constitute sexual harassment, defendant retaliated against Petitioner and several of the female victims of the sexual harassment.

18.

As a result of the situation sued upon herein, Petitioner sustained damages which include, but are not limited to, physical injuries, lost wages and benefits, loss of earning capacity, loss of reputation and standing in the community, severe and extreme emotional distress, humiliation, embarrassment, medical expenses, and all such other damages as will be more fully shown at trial of this matter and for which Petitioner sues for herein.

19.

Petitioner timely filed Charges of Discrimination with the EEOC and LCHR on April 27, 2021, and sent demand pursuant to La. R.S. 23:303. Hence, all conditions precedent to suit under La. R.S. 23:301, *et seq.*, have been met and/or complied with. Petitioner shows he has not yet received his Notice of Right to Sue and reserves his right to supplement and amend his pleadings to assert his claims arising under Title VII.

20.

Petitioner is entitled to and desires an award of attorney fees pursuant to La. R.S. 23:301, *et seq.*, and La. R.S. 23:967.

21.

Petitioner seeks and is entitled to an award of all such other relief afforded to him at law or in equity.

22.

Petitioner is entitled to and desires trial by jury of this matter.

WHEREFORE, Petitioner, Matthew Derbes, prays for trial by jury and after due proceedings are had that there be Judgment herein in his favor and against defendant, State of Louisiana, through Louisiana Attorney General Jeff Landry, Department of Justice, for all sums as are reasonable under the premises, attorney fees, all costs of these proceedings, legal interest thereon from the date of demand until paid, and all such other relief to which Petitioner is entitled at law or in equity.

Respectfully submitted,

By: _____
Jill L. Craft, T.A., #20922
W/ Brett Conrad, Jr., #27639
Kaitlin A. Wall, #39462
Attorney at Law, LLC
509 Saint Louis Street
Baton Rouge, Louisiana 70802
(225) 663-2612, Fax: (225) 663-2613
E-mail: jcraft@craftlaw.net

PLEASE SERVE:

State of Louisiana, through
Attorney General Jeff Landry,
Department of Justice,
1885 N. 3rd Street
Baton Rouge, Louisiana

Office of Risk Management
Through Director Melissa Harris
1202 N. Third St.
Baton Rouge, Louisiana 70802

6

EAST BATON ROUGE PARISH   C-713001
Filed Nov 05, 2021 1:05 PM       22
Deputy Clerk of Court

## 19TH JUDICIAL DISTRICT COURT
## PARISH OF EAST BATON ROUGE
## STATE OF LOUSIANA

NUMBER _____ DIVISION "\_\_\_"

### MATTHEW DERBES

### VERSUS

### STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### VERIFICATION

STATE OF LOUISIANA
PARISH OF Orleans

    BEFORE ME, the undersigned Notary Public, personally came and appeared:

Matthew Derbes

A resident of the full age of majority of Orleans Parish, Louisiana, who upon being duly sworn did depose and state that he is the Petitioner in the above and foregoing Petition and all facts and allegations contained therein are true and correct.

_____
Matthew Derbes

    SWORN TO AND SUBSCRIBED before me, Notary Public, this 27 day of October, 2021.

_____
Notary Public

Brad Scott
La Bar # 32680

Scanned ✓
Copy Client _____
Cal due date _____
Cal reminder _____

7

# RETURN COPY

## CITATION

D7804495

**MATTHEW DERBES**
(Plaintiff)

NUMBER C-713001   SEC. 22

**VS**

19th JUDICIAL DISTRICT COURT

**STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE**
(Defendant)

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**TO:** STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL
JEFF LANDRY, DEPARTMENT OF JUSTICE
1885 N 3RD STREET
BATON ROUGE, LA 70802

GREETINGS:

Attached to this citation is a certified copy of the petition*. The petition tells you what you are being sued for.

You must EITHER do what the petition asks OR, within fifteen (15) days after you have received these documents, you must file an answer or other legal pleading in the office of the Clerk of Court at 300 North Boulevard, Baton Rouge, Louisiana. If you do not do what the petition asks, or if you do not file an answer or legal pleading within fifteen (15) days, a judgment may be rendered against you without further notice.

This citation was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 8, 2021**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

**Requesting Attorney: CRAFT, JILL L.**
                    (225) 663-2612

*The following documents are attached:
**PETITION, VERIFICATION**

### SERVICE INFORMATION:

Received on the ____ day of _____, 20____ and on the ____ day of _____, 20____, served on the above named party as follows:
**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**SECRETARY OF STATE:** By tendering same to the within named, by handing same to _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this ____ day of _____, 20____.
I made service at the Louisiana State Office

SERVICE:$ in the parish of East Baton Rouge, by handing
MILEAGE$ _____
TOTAL: $ said copy on:            Deputy Sheriff
                                Parish of East Baton Rouge

NOV 16 2021

CITATION-2000

By _____
     Mock 1691
Deputy Sheriff, Parish of East Baton Rouge, LA

RECEIVED DATE
NOV 1 2 2021
E.B.R. Sheriff Office

**RETURN COPY**



D7804503

# NOTICE OF FILING

**MATTHEW DERBES**
(Plaintiff)

VS

**STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE**
(Defendant)

NUMBER C-713001 22

19th JUDICIAL DISTRICT COURT

PARISH OF EAST BATON ROUGE

STATE OF LOUISIANA

**TO:  OFFICE OF RISK MANAGEMENT
THROUGH DIRECTOR MELISSA HARRIS
1202 N THIRD ST.
BATON ROUGE, LA 70802**

GREETINGS:

You are hereby notified that a **PETITION** was filed in our court. Certified copy(s) is(are) attached hereto, as requested by **CRAFT, JILL L.**, Attorney.

This Notice was issued by the Clerk of Court for East Baton Rouge Parish on **NOVEMBER 8, 2021**.



*Deputy Clerk of Court for*
**Doug Welborn, Clerk of Court**

---

**SERVICE INFORMATION:**

Received on the _____ day of _____, 20___ and on the _____ day of _____, 20___, served on the above named party as follows:

**PERSONAL SERVICE:** On the party herein named at _____.

**DOMICILIARY SERVICE:** On the within named _____, by leaving the same at his domicile in this parish in the hands of _____, a person of suitable age and discretion residing in the said domicile at _____.

**DUE AND DILIGENT:** After diligent search and inquiry, was unable to find the within named _____ or his domicile, or anyone legally authorized to represent him.

**RETURNED:** Parish of East Baton Rouge, this _____ day of _____, 20___.

SERVICE:  $_____
MILEAGE  $_____
TOTAL:    $_____

_____
Deputy Sheriff

NOTICE OF FILING--2143

I made service at the Louisiana State Office in the parish of East Baton Rouge, by handing said copy on:

NOV 17 2021

To: Tameka Green
By Mock 1691
Deputy Sheriff, Parish of East Baton Rouge, LA.

RECEIVED DATE

NOV 1 2 2021

E.B.R. Sheriff Office



# DOUG WELBORN
## CLERK OF COURT

### 19TH JUDICIAL DISTRICT
### PARISH OF EAST BATON ROUGE

Civil Suit Records
P. O. Box 1991
Baton Rouge, LA 70821-1991
Telephone: (225) 389-3972
Fax: (225)389-4612
www.ebrclerkofcourt.org

# CIVIL SUIT RECORDS FAX

| | |
|---|---|
| To: ALLISON | Fax: 337-233-9450 |
| From: EBR COC / DENAY | Date: 12/15/21 |
| Re: C713001 | Pages: 5 (including cover) |

☐ Please Reply                ☐ No Reply Necessary

**Cover Message:**

```
CLERK OF COURT
19TH JUDICIAL DISTRICT
EAST BATON ROUGE PARISH
HONORABLE DOUG WELBORN
MORTGAGE AND CONVEYANCE
SALES RECEIPT
Transaction #: 6427062
Account #:
Name: walk-in
Date: 12/15/2021 9:05:36 AM
Cashier: CRILEY  Register #: POS-014

Item   Description              Amount
=========================================
MISC CHARGE
Remark: C-713001
1 FAX FEE
4 COPIES
     188 FAX FEE                $2.00
MISC CHARGE
Remark: C-713001
1 FAX FEE
4 COPIES
     314 COPIES                 $4.00
MISC CHARGE
     000 SURCHARGE              $0.21
-----------------------------------------
GRAND TOTAL:  $6.21
AMT RECEIVED: $6.21
CHANGE DUE:   $0.00
-----------------------------------------
PAYMENT / TRANSACTION LIST

Credit Card |  | $6.21
```

Suit Number: C-713001

MATTHEW DERBES
VS
STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE

Date Filed:  11/05/2021
Cause:       DM-Damages
Division:    22

### Attorneys
CRAFT, JILL L.

### Parties
DERBES, MATTHEW
STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE

| Date | Code | Descriptor | Payee Name / Deposit Details | Attorney Name | Party Name | Balance Type | Deposit | Charge |
|---|---|---|---|---|---|---|---|---|
| 11/05/2021 | 8520 | NUMBER OF NAMES INDEXED [3 Cty] | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $6.00 |
| 11/05/2021 | 8527 | BLDG FUND FEE JURY $200 | DOUG WELBORN-19TH JDC BUILDING FU | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $200.00 |
| 11/05/2021 | 1002 | PET-DAMAGES -CIV [6 Pg] | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $26.00 |
| 11/05/2021 | 8500 | INITIALIZATION FEE | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $20.00 |
| 11/05/2021 | 8501 | 5% CLERKS FEE ACT NO. 1093 | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $0.15 |
| 11/05/2021 | 8503 | PRO BONO EXPENSE CIVIL | BATON ROUGE BAR ASSOCIATION | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $2.85 |
| 11/05/2021 | 8504 | BLDG FUND FEE NEW SUIT $200 | DOUG WELBORN-19TH JDC BUILDING FU | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $200.00 |
| 11/05/2021 | 8506 | STATE TREASURY CIVIL JSC | LOUISIANA STATE TREASURER/CIVIL | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $27.00 |
| 11/05/2021 | 8512 | SUPREME COURT JUDICIAL COLLEGE | LA SUPREME COURT-JUDICIAL COLLEGE | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $0.50 |
| 11/05/2021 | 8514 | JUDICIAL EXPENSE FUND | JUDICIAL EXPENSE FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $15.00 |
| 11/05/2021 | 8522 | CONFORMED COPY | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $3.00 |
| 11/05/2021 | 8550 | LA SUPREME COURT REPORTING FEE | LA SUPREME COURT-CIVIL CASE REPOR | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $5.00 |
| 11/05/2021 | 8552 | CLERKS SUPREME COURT REPORTING | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $5.00 |
| 11/05/2021 | 5001 | VERIFICATION-CV [1 Pg] | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $6.00 |

Exhibit A, in globo p. 12

Print Date: 12/15/2021
Print Time: 8:49 AM

Case 3:21-cv-00710-SDD-SDJ  Document 12   12/15/21   Page 13 of 14

EAST BATON ROUGE PARISH
Suit Ledger: C-713001
Through 12/15/2021

Page 2

| Date | Code | Description | Payee Name/Deposit Details | Attorney Name | Party Name | Balance Type | Deposit | Charge |
|---|---|---|---|---|---|---|---|---|
| 11/05/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $10.00 |
| 11/05/2021 | 1 | ADVANCED DEPOSIT CRAFT, JILL L. | CHECK #5755 by CRAFT JILL L. | CRAFT, JILL L. | DERBES, MATTHEW | Advance | $800.00 | |
| 11/08/2021 | 2000 | CIT-CIV | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $20.00 |
| 11/08/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $5.00 |
| 11/08/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $10.00 |
| 11/08/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $30.00 |
| 11/08/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [802 Amt] | EAST BATON ROUGE PARISH SHERIFFS | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $3.12 |
| 11/08/2021 | 2143 | NTC FILING-CIV | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $20.00 |
| 11/08/2021 | 8523 | CERTIFIED COPY | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $5.00 |
| 11/08/2021 | 8531 | BLDG FUND FEE EXISTING $10 | DOUG WELBORN-19TH JDC BUILDING FU | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $10.00 |
| 11/08/2021 | 8540 | PAY EBR SHERIFF | EAST BATON ROUGE PARISH SHERIFFS | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $30.00 |
| 11/08/2021 | 8571 | EBR SHERIFF SERVICE MILEAGE [802 Amt] | EAST BATON ROUGE PARISH SHERIFFS | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $3.12 |
| 11/18/2021 | 8543 | SERVICE RETURN FEE MICHELL | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $6.00 |
| 11/18/2021 | 8543 | SERVICE RETURN FEE TAMEYKA | DOUG WELBORN SALARY FUND | CRAFT, JILL L. | DERBES, MATTHEW | Advance | | $6.00 |

**Attorney Totals**

**CRAFT, JILL L.**
| | |
|---|---|
| Advance Net Deposits | $800.00 |
| Clerk Fees | $0.00 |
| Local Sheriff Fees | $66.24 |
| Other Sheriff Fees | $0.00 |
| Judges Supplemental Fund | $27.00 |
| Advance Charges | $674.74 |
| Total Advance Balance | $125.26 |
| Witness Net Deposits | $0.00 |
| Witness Charges | $0.00 |
| Escrow Net Deposits | $0.00 |

Exhibit A, in globo p. 13

Print Date: 12/15/2021
Print Time: 8:49 AM

Case 3:21-cv-00710-SDD-RLB   Document 1-2   12/15/21   Page 14 of 14

EAST BATON ROUGE PARISH
Suit Ledger: C-713001
Through 12/15/2021

Page 3

| | |
|---|---|
| Escrow Charges | $0.00 |
| Pauper Charges | $0.00 |
| Total Witness Balance | $0.00 |
| Total Escrow Balance | $0.00 |
| Total Suit + Direct Costs | $674.74 |
| Judicial Expense Fund | $20.50 |
| Court Reporter Fees | $0.00 |
| Curator Fees | $0.00 |

**Grand Totals**

| | |
|---|---|
| Advance Net Deposits | $800.00 |
| Clerk Fees | $0.00 |
| Local Sheriff Fees | $66.24 |
| Other Sheriff Fees | $0.00 |
| Judges Supplemental Fund | $27.00 |
| Advance Charges | $674.74 |
| Total Advance Balance | $125.26 |
| Witness Net Deposits | $0.00 |
| Witness Charges | $0.00 |
| Escrow Net Deposits | $0.00 |
| Escrow Charges | $0.00 |
| Pauper Charges | $0.00 |
| Total Witness Balance | $0.00 |
| Total Escrow Balance | $0.00 |
| Total Suit + Direct Costs | $674.74 |
| Judicial Expense Fund | $20.50 |
| Court Reporter Fees | $0.00 |
| Curator Fees | $0.00 |