# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**MATTHEW DERBES**

**VERSUS**

**STATE OF LOUISIANA, THROUGH LOUISIANA ATTORNEY GENERAL JEFF LANDRY, DEPARTMENT OF JUSTICE**

**CIVIL ACTION**

**NO. 21-710-SDD-SDJ**

---

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 9, 2022.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MATTHEW DERBES

VERSUS                                                    CIVIL ACTION

STATE OF LOUISIANA, THROUGH
LOUISIANA ATTORNEY GENERAL
JEFF LANDRY, DEPARTMENT OF                     NO. 21-710-SDD-SDJ
JUSTICE

---

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion for Remand and Incidental Relief filed by Plaintiff Matthew

Derbes on December 21, 2021. (R. Doc. 2). For the reasons below, the undersigned **recommends**

that the Motion be **GRANTED** in full and that the matter be remanded to the 19th Judicial District

Court, Parish of East Baton Rouge, State of Louisiana.

I.       BACKGROUND

On April 27, 2021, Plaintiff filed Charges of Discrimination with the Equal Employment

Opportunity Commission and Louisiana Commission on Human Rights, alleging retaliation by his

employer after Plaintiff reported several instances sexual harassment of other employees who had

reported the harassment to Plaintiff. (R. Doc. 1-3). On November 5, 2021, Plaintiff filed a Petition

in state court against Defendant State of Louisiana, through Attorney General Jeff Landry, alleging

defamation and retaliation after Plaintiff's reports of various types of misconduct, including sexual

harassment, misappropriation of funds, and inappropriately lenient treatment of particular criminal

defendants. (R. Doc. 1-2 at 3). Defendant filed a Notice of Removal with this Court on December

15, 2021, alleging federal question jurisdiction per 28 U.S.C. §§ 1331 and 1343. (R. Doc. 1).

Plaintiff filed this Motion for Remand on December 21, 2021 (R. Doc. 2), and Defendant filed an

Opposition (R. Doc. 8).

## II.    ARGUMENTS OF THE PARTIES

In their Notice of Removal, Defendant asserts that this Court "unquestionably" has

jurisdiction over this matter under 28 U.S.C. §§ 1331 and 1343 "because Plaintiff claims to have

been retaliated against in violation of Title VII." (R. Doc. 1 at 4). Defendant also states that tort

claims under 42 U.S.C. § 1983 are facially removable under federal question doctrine. (R. Doc. 1

at 4).[1] Defendant argues that, because Plaintiff's EEOC Charge was mentioned in the Petition, the

Charge itself should be considered in the determination of federal jurisdiction; and because the

Charge states that Plaintiff was subject to a violation of Title VII, the petition ultimately raises

questions of federal law. (R. Doc. 1 at 2, fn.5).

In his Motion for Remand, Plaintiff asserts that there is no federal subject matter

jurisdiction because the only claims made in the Petition were state law claims for defamation and

reprisal under the Louisiana Whistleblower Statute, La. R.S. 23:967. (R. Doc. 2 at 1). Plaintiff

alleges that he was, in fact, procedurally barred from bringing federal claims as he had not yet

received a Notice of Right to Sue indicating the end of the EEOC's investigation. (R. Doc. 2-1 at

1). Plaintiff references the clear statement in his Petition that he reserved the right to bring Title

VII claims upon receipt of that Notice. (R. Doc. 2-1 at 3-4). Plaintiff also argues that his pending

EEOC Charge and its mention in his Petition are not sufficient to confer federal jurisdiction. (R.

Doc. 2-1 at 4). Furthermore, Plaintiff alleges that removal is procedurally defective because

Defendant attached documents to the Notice of Removal that were not in the state court record.

---

[1] Neither Plaintiff nor Defendant asserts that there are §1983 claims at issue in this case.

(R. Doc. 2-1 at 8). Finally, Plaintiff requests incidental relief per 28 U.S.C. § 1447(c) in the amount of $2312.50 for attorney fees and costs associated with this Motion to Remand, asserting that there was no objectively reasonable basis upon which to remove the matter to this Court. (R. Doc. 2-1 at 9).

In its Opposition to the Motion to Remand, Defendant cites the well-pleaded complaint rule, arguing that Plaintiff's ongoing EEOC Charge and single reference to Title VII in the Petition "prompted the DOJ to believe that Plaintiff aims to pursue a cause of action under Title VII." (R. Doc. 8 at 2). Defendant also argues that, while Plaintiff has reserved his right to assert Title VII claims upon receipt of a Notice of Right to Sue from the EEOC, non-receipt of the Notice is a procedural defect that does not deprive this Court of jurisdiction. (R. Doc. 8 at 3).

## III.   LAW AND ANALYSIS

### A.  Legal Standard for Removal

A party may remove a state court action to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). This Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party seeking removal bears the burden of demonstrating that federal subject matter jurisdiction exists. *Guiterrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). A federal question exists "if there appears on the face of the complaint some substantial, disputed question of federal law." *In re Hot-Hed, Inc.*, 447 F.3d 320, 323 (5th Cir. 2007) (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)).

Whether a case is removable on the basis of federal question jurisdiction is determined by the allegations of the plaintiff's well-pleaded complaint as of the time of removal. *Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 680 (5th Cir. 2001). Where both state and federal law claims are available, a plaintiff may avoid federal jurisdiction and elect to proceed with state law claims alone. *Carpenter v. Wichita Falls Independent School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995) (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986) ("Jurisdiction may not be sustained on a theory that the plaintiff has not advanced.")). The removal statute is strictly construed, and any ambiguities in the state court petition should be construed against removal. *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

**B.  The EEOC Charge Itself Does Not Confer Federal Jurisdiction**

Defendant argues in footnotes and without supporting case law that, because Plaintiff's EEOC Charge is referenced in his Petition and would be material to testing the sufficiency of a motion to dismiss per Rule 12(b)(6) of the Federal Rules of Civil Procedure, so too should the EEOC Charge be considered in assessing this Court's jurisdiction on removal. (R. Doc. 1 at 2-3, fn.5). Defendant does not allege that the EEOC Charge was attached to or incorporated into the Petition. *Cf. Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 308 (5th Cir. 2014) (federal question jurisdiction existed on the face of the complaint where plaintiff attached and fully incorporated the EEOC charge into the complaint). As stated above, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). This Court will consider only the Plaintiff's Petition and nothing else; but even if the unincorporated EEOC Charge were considered, it alone is not sufficient to confer federal jurisdiction.

This Court has repeatedly held that "[t]he mere fact that plaintiffs filed charges with the EEOC and received Notices of the Right to Sue alone is insufficient to establish federal question jurisdiction herein." *Jacobs v. Audubon Home Health of Baton Rouge, Inc.*, Civil Action No. 18-59, 2018 WL 3946555, at *3 (M.D. La. July 12, 2018) (quoting *Weiser v. Shaw Group Environmental & Infrastructure*, Civil Action No. 11-558, 2011 WL 5178347, at *1 (M.D. La. Sept. 16, 2011). Furthermore, this Court has explained that explicit references in a state court petition to the plaintiff's submission of an EEOC Charge of Discrimination and receipt of a Right to Sue Letter "do not necessarily transform Plaintiff's action into one brought under federal law" and that:

> the Louisiana Commission on Human Rights ("LCHR") and the EEOC "have a work-sharing agreement whereby they operate as each other's agents for the purpose of receiving and drafting charges." *Martin v. Winn–Dixie Louisiana, Inc.*, 132 F. Supp. 3d 794, 814-15 (M.D. La. 2015) (quotation omitted); *see Conner v. La. Dep't of Health & Hosps.*, 247 Fed. Appx. 480, 481 (5th Cir. 2007). In light of this dual-filing system, claimants will often reference both state and federal law in EEOC charges so as to exhaust both state and federal administrative procedures; nevertheless, the claimants who do so are not required to pursue exhausted federal claims when initiating litigation. *See Williamson v. Pay and Save, Inc.*, 205 F. Supp. 2d 863, 867-68 (W.D. Tex. 2015) (citing *Kay v. Friendly's Ice Cream, LLC*, No. 14-14062, 2014 WL 7361243, at *1 (D. Mass. Dec. 23, 2014)).

*Pidgeon v. East Baton Rouge Sheriff's Office*, Civil Action No. 17-342, 2017 WL 3996436 (M.D. La. Aug. 21, 2017). Therefore, neither the Plaintiff's references to the EEOC Charge in his Petition nor the contents of the EEOC Charge itself confer federal jurisdiction.

### C. Claims in Plaintiff's Petition

Plaintiff's Petition lays out in some detail the conduct leading to his EEOC Charge of Discrimination and this lawsuit. The six-page Petition contains one explicit reference to Title VII:

> Instead of redacting Petitioner's identity from the April 7, 2021 document, defendant deliberately released Petitioner's identity to the media by including the

plaintiff's official job title in a document—Petitioner is the only person who held that job title. Petitioner contends the creation and release of the April 7, 2021 document was in retaliation/reprisal for Petitioner's protected activities in violation of La.R.S. 23:967 and Title VII.

(R. Doc. 1-2 at 5, ¶ 11). Plaintiff goes on to explain more alleged violations and finally ends the Petition by stating that "all conditions precedent to suit under La. R.S. 23:301, *et seq.*, have been met" and that Petitioner "reserves his right to supplement and amend his pleadings to assert his claims arising under Title VII." (R. Doc. 1-2 at 6, ¶ 19). In his Motion to Remand, Plaintiff also denies making federal claims and asserts that his claims only arise under state law. (R. Doc. 2-1 at 3).

In their Opposition to Plaintiff's Motion to Remand, Defendant claims that the single mention of Title VII in Plaintiff's Petition "prompted [Defendant] to believe that Plaintiff aims to pursue a cause of action under Title VII". (R. Doc. 8 at 2). Despite Defendant's belief that federal question jurisdiction is conferred here, "[t]he case law is replete with grants of motions to remand in similar circumstances, based on findings that the plaintiff elected to assert only state law claims, even when the complaints stated facts that would support a Title VII claim, **contained references and/or more substantial inferences to Title VII** than in this case and pled exhaustion of the administrative remedies necessary to bring a Title VII claim." *Pidgeon*, 2017 WL 3996436 at *4 (emphasis added) (quoting *Dupre v. Family Dollar Stores of Louisiana*, No. 15-01432, 2015 WL 3791705, at *2 (W.D. La. June 16, 2015)). *See also Manzella v. United Parcel Serv. Inc.*, 2002 WL 31040170, at *3 (E.D. La. Sept. 10, 2002) (citing cases).

Several cases in this body of law do indeed involve petitions, like the one at issue here, with explicit references to Title VII. Especially in those cases where plaintiffs refer to Title VII by way of qualifying behavior that is a violation of labor laws and where plaintiffs are clear about

exercising their right to bring only state law claims, courts have found that federal claims were not

brought and federal jurisdiction not conferred. *See Easton v. Crossland Mtg. Corp.*, 114 F.3d 979,

982 (9th Cir. 1997) (holding that "the mere reference of a federal statute in a pleading will not

convert a state law claim into a federal cause of action if the federal statute is not a necessary

element of the state law claim and no preemption exists"); *Elliot v. LTD Direct Marketing, Inc.*, 1

F.Supp.2d 1031, 1033 (D. Ariz. 1999) (finding that "[d]irect or indirect references to Title VII in

state causes of action do not transform those claims into federal causes of action"); *Gardon v. City*

*of El Paso*, No. EP-03-CA-110-DB, 2003 WL 21961178, at *3 (W.D. Tex. July 17, 2003) (finding

that a single reference to federal law in the petition does not give rise to federal jurisdiction,

particularly when the petition clearly indicates plaintiff's intent to proceed only under state law);

*Hardin v. Morgan Bldgs. & Spas, Inc.*, No. CIVA SA-07-CA-388-FB, 2007 WL 2021775, at *2

(W.D. Tex. June 26, 2007) (finding that even where plaintiff's reference to Title VII may appear

to state a separate federal claim, the context of the entire petition shows the reference to Title VII

to be merely part of a recitation of facts). *See also Griffith v. Alcon Research, Ltd.*, 712 F. App'x

406, 408 n.7 (5th Cir. 2017) (favorably citing *Easton*); *Howery v. Allstate Ins. Co.*, 243 F.3d 912,

918 (5th Cir. 2001) (finding that mention of federal law in describing types of conduct that violate

state law does not allege a separate cause of action).

As Defendant astutely highlighted, "the defendant's subjective knowledge cannot convert

a case to a removable action". (R. Doc. 8 at 1, fn.2) (citing *Bosky v. Kroger Texas, LP*, 288 F.3d

208, 210 (5th Cir. 2002)). Like many of the cases cited above, Plaintiff's Petition contains a single

reference to Title VII—alongside a reference to the analogous Louisiana law—in a long

description of Defendant's behavior. Later in the Petition, however, Plaintiff clearly states his

claims only under Louisiana law and reserves his right to bring federal claims under Title VII at a

later date. In keeping with the abundance of precedent, the undersigned finds that Plaintiff's reference to Title VII does not state a claim under federal law, and the matter must be remanded to state court.

### D. Notice of Right to Sue

Defendant's only remaining argument is that Plaintiff's non-receipt of the EEOC's Notice of Right to Sue does not deprive this Court of jurisdiction. (R. Doc. 8 at 3). It is indeed true that receipt of the Notice of Right to Sue is not jurisdictional (*see Fort Bend Cty., Texas v. Davis*, 139 S.Ct. 1843 (2019)), but this is only relevant if federal question exists in the first place. As stated above, no federal claims were stated in the Petition, and the question of receipt of the Notice of Right to Sue is moot here.

### E. Plaintiff's Request for Fees and Costs

In his Motion for Remand, Plaintiff requests attorney fees and costs associated with the Motion. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Granting a Motion to Remand is not sufficient to sanction the removing party, instead "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "To determine objective reasonableness, [the Court] must examine, inter alia, the relevant case law on subject-matter jurisdiction at the time of removal." *CamSoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 638 Fed.Appx. 255, 260 (5th Cir. 2015) (internal quotation marks omitted).

Many courts finding that fees should not be granted did so when case law was unclear or the matter at issue was novel for that court. *See Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 98 S. Ct. 694 (1978) (declining to award fees to the prevailing defendant because petitioner's argument was an issue of first impression and statutory interpretation of the Civil Rights Act was not frivolous); *Martin*, 546 U.S. (declining to award fees because the case law on which those defendants based removal was discredited only after removal); *CamSoft*, 638 Fed.Appx. (declining to award fees where it was unclear at the time of removal whether federal courts had jurisdiction arising under the pertinent statute); *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293–94 (5th Cir. 2000) (declining to award attorneys' fees to non-removing party even though removal was legally improper because removing party "could conclude from th[e] case law that its position was not an unreasonable one"); *Williamson v. Pay & Save, Inc.*, 205 F. Supp. 3d 863, 868 (W.D. Tex. 2015) (declining to award fees because defendant was reasonable to assert an expansive reading of case law). The Fifth Circuit, however, in addressing a case similar to the one at hand, said that although relevant case law indicated that removal was improper "it was not objectively unreasonable. [Plaintiff's] complaint referenced his EEOC charge and his notice of right-to-sue. These references, though ultimately insufficient to confer jurisdiction on the district court, could have led [Defendant] to reasonably believe that removal was proper." *Griffith v. Alcon Rsch., Ltd.*, 712 F. App'x 406, 409 (5th Cir. 2017).

Defendant asserts that the reference to Title VII in the Petition discussed above presents an objectively reasonable basis for seeking removal. (R. Doc. 8 at 2). Appended to this assertion is the following footnote: "Notably, Plaintiff does not represent to the Court in his motion to remand that he does not intend to pursue a Title VII claim. Instead, he states that he reserves the right to do so pending disposition of his charge of discrimination by the EEOC and his receipt of a right

to sue letter." (R. Doc. 8 at 2, fn.5). This footnote acknowledging Plaintiff's reservation of his right to bring Title VII claims in the future belies Defendant's knowledge that Plaintiff did not bring federal claims in his Petition. Determination of federal jurisdiction is based on the Petition at the time of removal, not on Plaintiff's hypothetical intentions to amend the complaint in the future. *Medina*, 238 F.3d at 680.

Though the Fifth Circuit found in *Griffith* that mentions of Title VII and an EEOC complaint could have reasonably led a defendant to believe federal jurisdiction was invoked, Defendant conspicuously does not cite *Griffith*—to do so would be to admit knowing that the passing mention of Title VII indeed does not confer federal jurisdiction. Instead, Defendant cites two other cases in which fee awards were denied: *Martin v. Franklin*, cited above, and *Carr v. Vermilion Parish School Board*. The latter is another in the large body of cases finding that a mention of federal law was not an assertion of a claim but rather a description of behaviors, especially where the plaintiff expressly sought relief only under the state statute. *Carr v. Vermilion Parish School Board*, Civil Action No. 18-01547, 2019 WL 1193786 (W.D. La. February 19, 2019).

The explicit citation to Plaintiff's reservation of his right to bring federal claims; citations in Defendant's own briefing to case law pointing to lack of jurisdiction; and the plethora of easily-found case law finding no federal jurisdiction in similar employment discrimination cases, some of which was cited in Plaintiff's Motion for Remand but never addressed by Defendant, should all have put Defendant on notice that removal was improper. The undersigned finds that Defendant knowingly lacked an objectively reasonable basis for removal and thus recommends that Plaintiff's request for an award of fees and costs pursuant to 28 U.S.C. § 1447(c) be granted in the amount

of $2312.50, the full amount associated with this Motion to Remand as shown in the Affidavit of

Plaintiff's Counsel (R. Doc. 2-3).

### IV.    Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that the Motion for

Remand (R. Doc. 2) be **GRANTED** and that this matter be remanded to the 19th Judicial District

Court, Parish of East Baton Rouge, State of Louisiana.

**IT IS FURTHER RECOMMENDED** that Plaintiff's request for fees and costs pursuant

to 28 U.S.C. § 1447(c) be **GRANTED** and Plaintiff be awarded $2312.50.

Signed in Baton Rouge, Louisiana, on September 9, 2022.


_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**