# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

MATTHEW DERBES

VERSUS

STATE OF LOUISIANA, ET AL.

CIVIL ACTION

21-710-SDD-SDJ

## RULING

The Court has carefully considered the *Motion*,[1] record, the law applicable to this action, and the *Report and Recommendation*[2] of United States Magistrate Scott D. Johnson dated September 9, 2022, to which an *Objection*[3] was filed. The Court conducted a *de novo* review.

Defendant objects to the Magistrate's finding that the Defendant had no objectively reasonable ground for removing the lawsuit and recommending that attorney's fees be awarded to the Plaintiff for the improper removal pursuant to 28 U.S.C. § 1447(c). Alternatively, Defendant argues that if attorney's fees are awarded, they were calculated using an improper rate.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Courts may award attorney's fees under § 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

.

---

[1] Rec. Doc. 2.
[2] Rec. Doc. 15.
[3] Rec. Doc. 16.

In determining whether the grounds for removal were reasonable, the court must look to the objective merits of removal at the time of removal.[4]

When this case was first removed, Plaintiff's state court petition explicitly **reserved the right** to assert a Title VII claim.[5] This language alone makes it clear that the Plaintiff was not asserting a Title VII in the petition. The Plaintiff's allegations make clear that Plaintiff was only asserting state law claims. Moreover, the very cases upon which Defendant relies in its opposition to the motion to remand should have informed the Defendant that there was no federal jurisdiction.[6] The Court finds an award of attorney's fees under 28 U.S.C. § 1447 (c) is justified and appropriate.

Defendant argues in the alternative that attorney's fees should be paid at the rate of $175 an hour, or the rate outside defense counsel charges the Attorney General. Defendant provides no authority in support of this position. In *Louisiana Power & Light Co. v. Kellstrom*,[7] the court ruled that attorneys' fees must be calculated based on a reasonable rate.[8] Defendant has failed to submit any basis to find that the Magistrate Judge's recommended fee award is unreasonable, other than its own preference.

The Court hereby approves the *Report and Recommendation* of the Magistrate Judge and adopts it as the Court's opinion herein.

**ACCORDINGLY**, the *Motion to Remand* is GRANTED and this matter is REMANDED to the 19th Judicial District Court, Parish of East Baton Rouge.

---

[4] *Riverside Const. Co. v. Entergy Mississippi, Inc.*, 626 F. App'x 443, 445 (5th Cir. 2015), as revised (Oct. 16, 2015) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005)); *Valdes v. Wal–Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000)) (internal quotations omitted).
[5] R. Doc 1-2, p.6.
[6] R. Doc. 8, p. 2.
[7] 50 F.3d 319 (5th Cir. 1995).
[8] *Id.*

**IT IS FURTHER ORDERED** that Plaintiff's request for fees and costs pursuant to 28 U.S.C. § 1447(c) is GRANTED and Plaintiff is awarded $2,312.50.

Signed in Baton Rouge, Louisiana, on this  30th  day of September, 2022.

*Shelly D. Dick*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**